Battle, J.
 

 In the case of Blevins v. Baker, 11 Ired. Rep. 291, this Court said, that “the interest of a partner in the partnership effects may be sold under a
 
 fi fa
 
 for his individual debt.” Treadwell v. Roscoe, 3 Dev. Rep. 50. The sheriff must of necessity seize and take into his possession the effects levied on, in order to make the sale, and the other partner cannot maintain an action of any kind, either against the officer who levies and sells, or against the purchaser who takes possession.” The same doctrine has been recognized and confirmed at the present term, in the case of McPherson v. Pemberton, ante. 378 These seem to be direct authorities, that the sheriff may not only seize and sell the partnership effects, but may deliver possession of the articles sold to the purchaser, and that no action can be maintained therefor against either the officer
 
 *383
 
 or purchaser. But our attention has been called to the case of Deal
 
 et. al.
 
 v. Bogne, (recently decided in the Supreme Court of Pennsylvania, and reported in the March number, 1858, of the American Law Register, page 801,) where it was held, that though, in such a case, the sheriff may seize and sell, he cannot deliver possession of the partnership effects to the purchaser; and that if he does so, the injured partner may maintain an action of trespass,
 
 vi et armis,
 
 against him, and also against the plaintiff in the execution, should he attend the sale and become a purchaser of any part of the effects. If that case be law, it shows that the present action in trespass on the case, cannot be supported; for, it decides that the sheriff’s, by delivering the articles sold to the purchaser, executed the writ illegally, and became thereby a trespasser
 
 ah initio.
 
 Of that, however, we say nothing, because we do do not acquiesce in the decision that an action in any form can be maintained. The only case cited in its support, besides some from the same State, is Taylor v. Fields, 4 Ves. Jr. 369; the facts of which are said to be more fully stated. in a note to Young v. Keighly, 15 Ves. 559. That case, which was one of those referred to by the plaintiff’s counsel in his well considered argument before us, was a case in equity, and was decided upon the equitable principles to which we will hereafter advert. It is no authority in favor of the present action at law, whilst the ease of Parker v. Pistor, 3 Bos. and Pul. Rep. 288, decided by the Court of Common Pleas, is a strong authority di rectly against it. That was a rule calling on the plaintiff to show cause why the sheriffs of London should not have time, until the first day of the next term to return a writ of
 
 Ji. fa.
 
 The defendant was one of two partners, and the application was made on the part of several creditors of the partnership, and the object was to prevent the partnership goods from being sold until an account could be taken of the several claims upon this property. The Court, after argument by able counsel, discharged the rule, saying “ that it was a very plain case at law, and that all the difficulties were to be encountered in equity; that the safest line of conduct for the sheriff to pursue
 
 *384
 
 was to put some person in possession of the defendant’s share as vendee, leaving him and the parties interested, to contest the matter in equity, where a bill might be filed, stating that be bad taken possession of the property, and praying that it might not be disposed of until all the claims were arranged.” Upon a similar application made on the same day, in Chapman v. Koop, ibid, 289, Lord Alvanly, C. J., said be hoped it might be the last; — and after some other observations, proceeded as follows: “ By the law of England, the creditor of any one partner may take in execution that partner’s interest in all the tangible property of the partnership, and will thereby become a tenant in common with the other partners. This the plaintiff has done, and we are desired to restrain bis execution, because it is alleged that be stands in the shoes of a partner, who would not have aright to molest the other partners until all accounts between them bad been settled. But, if the other partners wish to take advantage of this circumstance, they ought to file a bill in equity, against the vendee of the sheriff, or they may buy in the property when put .up to sale. It has been said that the Court of King’s Bench would suspend the plaintiff’s execution until be consented to an account being taken before the master, but I do not think we are authorized to take such a step in this case. Indeed, I can hardly conceive a case in which we should be authorized so to do.” In thus clearly stating the right and duty of the sheriff to seize, sell and deliver the goods of the partnership in an execution against one partner, the Court was but following what had been done by Lord Holt, about a century before, in the case of Pope v. Haman, Com. Rep. 217. “ Upon a
 
 fi. fa.
 
 against one co-partner, (said his Lordship,) the sheriff may take the goods of both in execution, and the other co-partner hath no remedy at law, otherwise than by re-taking the goods if he can; for the vendee of the sheriff becomes tenant in common with the other co-partners.” These cases, which seem to have escaped the attention of the Judges who decided the case in Pennsylvania, have been followed in this State.” In Tread-well v. R^scoe, above referred to, Henderson, C. J., after
 
 *385
 
 stating that partnership property is liable to the separate debts of individual partners, said, “It is true, that the purchaser of partnership property under
 
 &fi. fa,
 
 against one of the.partners, stands in the place of such partner, and can only claim, so far as the article purchased extends, what that partner could claim, that is, a share in the profits, or rather surplus, after the payment of the debts of the firm. But what are the rights of the purchaser, or his relation to the other partners, affects not the creditor in the
 
 fi. fa.
 
 or the sheriff, who has seized the partnership effects.” A still stronger case, perhaps, is that of Wells v. Mitchell, 1 Ired. Rep. 484, in which it was held that one partner cannot maintain an action of - any kind, at law, against a' person who purchases from another co-partner, the partnership effects, though such sale was made by the co-partner in fraud of the partnership rights, and to satisfy his own individual debt. Now, we suppose it to be very clear, that whatever tangible property a debtor may sell and deliver in payment of his debts, may be seized, sold and delivered by the sheriff under a
 
 fi.fa.
 
 against such a debtor. Such has been stated to be the rules with respect to all the vested legal interests of a debtor, and it must apply as strongly to those which are vested in possession as to any others. Knight v. Leak, 2 Dev. and Bat. Rep. 138. In Wells v. Mitchell, Ruffin, C. J., in delivering the opinion of the Court, shows clearly and conclusively how little adapted Courts of law are to afford an adequate remedy to the partner who is likely to be injured by the sale, and concludes by saying that those Courts “ leave the whole subject to that tribunal which can administer exact justice in the promises.” The tribunal to which allusion is thus made is the Court of Equity, and the remedy is, for the parties interested, who are likely to be injured, either to file a bill against the purchaser from the sheriff, or, what, perhaps, would bo better, a bill to enjoin the sale until an account of the state of the partnership could be taken, so as to ascertain the share of the partner whose interest was levied upon under the execution. However that may be, we think that no action at law of any kind can be maintained against the
 
 *386
 
 sheriff for seizing, selling and,, delivering the goods of the partnership to the purchasers, in obedience to the writ of
 
 fi. fa.
 
 against one of, the partners, under which he acts. The judgment must be reversed and a
 
 venire de novo
 
 awarded.